# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS IVAN POBLETE,<br><br>      *Plaintiff*,<br><br>   v.<br><br>U.S. MARSHALS SERVICE, *et al.*,<br><br>      *Defendants.* | Civil Action No. 16-1797 (RDM) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Luis Ivan Poblete brings this action against the U.S. Marshals Service, two judges of the D.C. Superior Court, and a D.C.-based law firm. Dkt. 1-1 at 7, 21. Poblete filed suit in D.C. Superior Court, but the U.S. Marshals Service removed the action here pursuant to 28 U.S.C. § 1442, which authorizes the removal of actions filed in state courts against federal agencies.[1] *See* Dkt. 1 at 2. It is difficult to discern the nature of Poblete's claims or what relief he seeks. His pleading—which he styles a "Writ of Mandamus/Prohibition"—is close to unintelligible. *See generally* Dkt. 1-1 at 7–20 (hereinafter "Petition").

All Defendants have moved to dismiss for failure to state a claim. *See* Dkt. 2 at 4; Dkt. 3 at 2–3; Dkt. 5 at 6–7. The U.S. Marshals Service and the D.C. judges have also moved to dismiss for lack of subject-matter jurisdiction, on the theory that Poblete's claims are "patently insubstantial." Dkt. 2 at 5; Dkt. 5 at 7–8. Poblete has failed to oppose these motions, despite having been advised of the consequences of such a failure. *See* Dkt. 6.

---

[1] For purposes of § 1442, "[t]he term 'State court' includes the Superior Court of the District of Columbia." 28 U.S.C. § 1442(d)(6).

Defendants' arguments raise a novel issue of federal jurisdiction unaddressed by the parties. Having considered it, the Court concludes that the "patently insubstantial" exception to federal question subject-matter jurisdiction is inapplicable to suits removed to federal court by federal agencies pursuant to § 1442. Remand to D.C. Superior Court is therefore unnecessary, and the Court can reach the merits. On the merits, Poblete's pleading fails to state a claim. The Court, accordingly, will **GRANT** Defendants' unopposed motions and will **DISMISS** the action.

## I. BACKGROUND

Poblete's pleading is difficult to follow, but his grievance apparently stems from a prior lawsuit against him in D.C. Superior Court to compel foreclosure of certain property. Petition ¶ 3. The defendant judges presided over that underlying action, and the defendant law firm represented the plaintiff in that action. The underlying action was subsequently removed to federal court, and has now been dismissed as moot. *See Residential Credit Opportunities Tr. v. Poblete*, No. 16-cv-561, 2017 WL 1183929 (D.D.C. Mar. 29, 2017).

In the currently pending action, the crux of Poblete's allegations appears to be that the D.C. Superior Court lacked jurisdiction to hear the underlying foreclosure suit. Petition ¶ 3. According to Poblete, "the Common Law of England" and 42 U.S.C. § 1988 authorize a "Writ of Mandamus/Prohibition," which "arrests the proceedings of any tribunal" acting "in excess of [its] jurisdiction." *Id.* ¶¶ 2–4. He then asserts that the D.C. Superior Court lacked jurisdiction because the foreclosure action was "in breach of the public trust, outside of the Court[']s ministerial duty, and without proof of delegation of authority or jurisdiction of any kind." *Id.* ¶ 5. To this he adds that he, and not the plaintiff seeking to foreclose, has the "Superior Claim" to the foreclosed property. *Id.* ¶ 6. According to Poblete, each defendant is "acting in fraud and

2

in violation of God's covenant" by "attempting to enforce an unlawful lien" on his property "in violation of 17 C.F.R. 450 et[] seq. and the Holy Covenant of the Creator God." *Id.* ¶ 11.

Poblete further alleges that "[t]he Superior Court of the District of Columbia is a criminal enterprise." *Id.* ¶ 14. He claims that the court "is under the direct supervision" of the defendant judges, whom he says are "known to have acted without jurisdiction." *Id.* ¶ 15. As a consequence, he alleges, both judges "have become trespassers of the law and are engaged in treason." *Id.* ¶ 16. Poblete concludes with the allegation that "ANY JUDGE THAT ACTS in regards to this instant matter will be acting as a fiduciary, and in direction violation of the judicial canons of this state." *Id.* ¶ 19.

## II. ANALYSIS

**A.  Subject-Matter Jurisdiction**

The Court first rejects the argument that subject-matter jurisdiction is lacking because Poblete's claims are too "patently insubstantial" to "present[] [a] federal question." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). To be sure, Poblete's claims *are* insubstantial—but that fact poses no jurisdictional bar. As explained below, federal agencies are entitled to defend themselves in federal court, *see* 28 U.S.C. § 1442(a)(1), even against "insubstantial" claims. The Court therefore has jurisdiction to decide the case, and need not remand it to D.C. Superior Court as might otherwise be required.[2] *See* 28 U.S.C. § 1447(c).

---

[2] Although Defendants ask this Court to *dismiss* the case for lack of subject-matter jurisdiction, they fail to acknowledge 28 U.S.C. § 1447(c), which instructs that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." *Id.* (emphasis added). The circuits are split as to whether § 1447(c) includes a "futility exception," and the D.C. Circuit has yet to take a stance on that question. *See, e.g.*, *Sibley v. McConnell*, 139 F. Supp. 3d 194, 200 (D.D.C. 2015); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 & nn.77–81 (4th ed. updated Apr. 2017). It is far from clear, however, that even the courts that have declined to recognize a futility

3

The doctrine in question holds generally that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). That rule has been the subject of some criticism, *see, e.g.*, *Yazoo Cty. Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1159–62 (1982) (Rehnquist, J., dissenting from denial of petition for writ of certiorari), and courts rarely dwell on its analytic origins. But it apparently derives from limitations read into 28 U.S.C. § 1331 and similar statutes that supply subject-matter jurisdiction in cases "arising under" federal law. *See generally* 13D Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3564 (3d ed. updated Apr. 2017). Although Article III permits Congress to grant federal jurisdiction over "*any* case . . . that *might* call for the application of federal law," *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 492 (1983) (emphases added), the "arising under" statutes are less expansive. Under the "well-pleaded complaint" rule, for example, a case typically "arises under" federal law within the meaning of § 1331 only if the federal question appears on the face of the complaint (as opposed to in a defense). *Id.* at 494 (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). The "patently insubstantial" rule is a recognition that some allegations, although they may nominally reference federal law, are simply too outlandish to create an actual federal controversy within the meaning of the statute.

Jurisdiction in this case, however, exists independently of § 1331 or any other "arising under" statute. Instead, jurisdiction flows from 28 U.S.C. § 1442(a)(1), which grants federal

---

exception would still require the remand of a patently frivolous action against a federal agency, given the manifest congressional preference for a federal forum embodied in § 1442(a)(1). *See Willingham v. Morgan*, 395 U.S. 402, 406 (1969). In any event, the Court need not decide whether to remand here because it concludes that Defendants' jurisdictional arguments are misplaced.

agencies an "absolute" right of removal in state court cases brought against them. *Willingham*, 395 U.S. at 406. Section 1442 likewise confers subject-matter jurisdiction over such cases "regardless of whether the suit could originally have been brought in a federal court." *Id.* As a result, the strictures of § 1331 are inapplicable, and the lack of a substantial federal question on the face of Poblete's pleading is of no jurisdictional significance.[3] *See Mesa v. California*, 489 U.S. 121, 136–37 (1989). After all, Congress enacted § 1442 to shield federal actors from potentially "hostile state courts." *See Willingham*, 395 U.S. at 405–06. It would be anomalous, to say the least, if that protection extended to all claims against the United States *except* those which a federal judge has deemed utterly devoid of merit.

The Court, accordingly, holds that the "patently insubstantial" nature of Poblete's claims is immaterial to the presence of subject-matter jurisdiction in this suit.

**B.     Failure to State a Claim**

On the merits, there can be no doubt that Poblete's pleading fails to state a claim upon which relief can be granted. Rule 8(a) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 12(b)(6) authorizes dismissal of claims without any legal basis, "without regard to whether [the claims are] based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Here, Poblete's pleading—far from being "short" and "plain"—borders on incomprehensible. To the extent it is intelligible at all, it alleges no facts that entitle him to any

---

[3] The case must, of course, still involve a federal defense to satisfy Article III. It goes without saying, however, that an action brought against a federal agency falls within Article III's "Arising Under" jurisdiction. *See Verlinden*, 461 U.S. at 492–94; *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat) 738, 821–22 (1824).

relief. There is no basis in law for the proposition that, by entertaining a foreclosure suit against Poblete, the defendant judges committed any ethical "violation," any "breach of the public trust," any "fraud," any "trespass," and especially any "criminal" activity or "treason." Petition at ¶¶ 5, 11, 14, 16. To the extent Poblete seeks money damages from those judges, they enjoy absolute judicial immunity. *See, e.g.*, *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009). To the extent Poblete asks this Court to dismiss the foreclosure case against him, the Court lacks authority to do so, *see Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013), and, as that foreclosure case is now resolved, the issue is in any event moot, *see Residential Credit Opportunities Tr.*, 2017 WL 1183929, at *1. Finally, it is difficult to fathom what colorable claims Poblete might conceivably bring against the law firm or the U.S. Marshals Service.

## CONCLUSION

The Court, accordingly, will **GRANT** Defendants' unopposed motions to dismiss the action for failure to state a claim. A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 22, 2017